Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

# UNITED STATES DISTRICT COURT

for the

District of Nebraska  [▼]

Eighth Circuit Division

| | |
|---|---|
| **PHYLLIS MARIE KNIGHT** | Case No.   8:23cv11 |
| | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)*   ☑ Yes  ☐ No |
| **-v-** | |
| **ENTERPRISE BANK,N.A., CENTRIS FEDERAL CREDIT UNION, FIRST NATIONAL BANK OF OMAHA, IONTACH INVESTMENTS, LLC, and STINSON LLP** | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR A CIVIL CASE ALLEGING BREACH OF CONTRACT
### (28 U.S.C. § 1332; Diversity of Citizenship)

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | **PHYLLIS MARIE KNIGHT** |
| Street Address | **4964 E Lincoln Street - Box 13** |
| City and County | **Wichita, Sedgwick** |
| State and Zip Code | **Kansas, 67218** |
| Telephone Number | **(316) 364-0952** |
| E-mail Address | **orphanangel@hotmail.com** |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

**Defendant No. 1**

| | |
|---|---|
| Name | ENTERPRISE BANK, N.A. |
| Job or Title *(if known)* | Federal government contractor insured through FDIC relationship |
| Street Address | 12800 West Center Road |
| City and County | Omaha, Douglas |
| State and Zip Code | Nebraska, 68144 |
| Telephone Number | (402) 330-0200 |
| E-mail Address *(if known)* | |

**Defendant No. 2**

| | |
|---|---|
| Name | CENTRIS FEDERAL CREDIT UNION |
| Job or Title *(if known)* | Federally chartered credit union insured by the NCUA |
| Street Address | 343 North 114th Street |
| City and County | Omaha, Douglas |
| State and Zip Code | Nebraska, 68154 |
| Telephone Number | (402) 334-7000 |
| E-mail Address *(if known)* | |

**Defendant No. 3**

| | |
|---|---|
| Name | FIRST NATIONAL BANK OF OMAHA |
| Job or Title *(if known)* | Federal government contractor insured through FDIC relationship |
| Street Address | 11404 W Dodge RD |
| City and County | Omaha, Dodge |
| State and Zip Code | Nebraska, 68154 |
| Telephone Number | (402) 602-5120 |
| E-mail Address *(if known)* | |

**Defendant No. 4**

| | |
|---|---|
| Name | IONTACH INVESTMENTS, LLC |
| Job or Title *(if known)* | Limited Liability Comp. Property Management Real Estate Agent |
| Street Address | 3825 SOUTH 25TH STREET |
| City and County | Omaha, Douglas |
| State and Zip Code | Nebraska, 68107 |
| Telephone Number | (402) 968-9340 |
| E-mail Address *(if known)* | |

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.

### A.   The Plaintiff(s)

1.   If the plaintiff is an individual

The plaintiff, *(name)*   PHYLLIS MARIE KNIGHT   , is a citizen of the

State of *(name)*   KANSAS   .

2.   If the plaintiff is a corporation

The plaintiff, *(name)*   , is incorporated

under the laws of the State of *(name)*   ,

and has its principal place of business in the State of *(name)*

.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B.   The Defendant(s)

1.   If the defendant is an individual

The defendant, *(name)*   , is a citizen of

the State of *(name)*   . Or is a citizen of

*(foreign nation)*   .

2.   If the defendant is a corporation

The defendant, *(name)*   ENTERPRISE BANK,N.A   , is incorporated under

the laws of the State of *(name)*   UNITED STATES   , and has its

principal place of business in the State of *(name)*   NEBRASKA   .

Or is incorporated under the laws of *(foreign nation)*   ,

and has its principal place of business in *(name)*   .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

### C.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

The amount in controversy is a $110,000 resulting from breach of $65,000 real estate contract and construction lien in the amount of $45,000, not including interest, cost of court, injury, damages and fines for Federal Bank Fraud under 18 U.S.C. §1344 defendants shall be guilty of an offense against the United States and shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The plaintiff, *(name)*   PHYLLIS MARIE KNIGHT                                          , and the defendant,

*(name)*   ENTERPRISE BANK, N.A.                                          , made an agreement or contract on

*(date)*      07/12/2010      . The agreement or contract was *(oral or written)*   Written   ▼   . Under that

agreement or contract, the parties were required to *(specify what the agreement or contract required each party to do)*
Plaintiff entered into a $50,000 mortgage loan contract with first mortgage lender ENTERPRISE BANK,N.A. on 7/24/2007. On 7/22/2010 Enterprise Bank, N.A. modified or refinanced home loan contract; monthly mortgage payment was $419.52, of which $290.63 was for the principal and interest, $128.89 went into escrow account which paid for plaintiffs property taxes and homeowners insurance. Plaintiff entered into a $15,000 second mortgage contract with second defendant CENTRIS FEDERAL CREDIT UNION on 8/ 31/2007.

The defendant failed to comply because *(specify what the defendant did or failed to do that failed to comply with what the agreement or contract required)*
ENTERPRISE BANK,N.A. failure to comply with contract began on January 5, 2011, when bank president Matt Moyer called plaintiff to tell her; she had been voted out the bank and the bank would no longer be excepting her mortgage payments and her home would be going up for auction on February 7, 2011. Plaintiff then decided to file for bankruptcy to force the bank to take her mortgage payments. ENTERPRISE BANK,N.A. president Matt Moyer with intentional malice breached the mortgage contract when committing bank fraud on 9/7/2011, when he

The plaintiff has complied with the plaintiff's obligations under the contract.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff ask the court for immediately injunctive and declaratory relief to restore her residential property located at 3731 Maple Street, Omaha, NE 68111. For reasons, pursuant to the The Fraud Enforcement and Recovery Act (FERA) and False Claims Act (FCA) in which the defendants conspired in bank fraud using a state statute lacking jurisdicial authority to evict a homeowner under the Nebraska Tenant Landlord Act, then slandering the title to her home through and illegal double selling. Plaintiff seeks $100,000,000 in actual damages of mortgage fraud, breach of contract, securities fraud, deprivation of rights, conspiracy against rights, violation of 1988 Fair Housing Act, sexual harassment, racial discrimination, discrimatory lending practices, retaliation and bank fraud. Plaintiff seek punitive damages for emotional distress contributing to her disablility and for property damages.

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEBRASKA

PHYLLIS M. KNIGHT

vs.

ENTERPRISE BANK, N.A. et al

**(Continued Parties)**

**Defendant:**

5. STINSON LLP (formerly known as STINSON MORRIS HECKER LLP)
   A Multi-State Limited Liability Partnership
   1299 Farnam Street, Suite 1500
   Omaha, NE 68102
   (402) 342-1700

**(Continued Statement of Claim)**

**III. Statement of Claim**

**ENTERPRISE BANK, N.A.** president Matt Moyer with willful and intentional
malice breached the mortgage contract committing bank fraud on September 7,
2011. While plaintiffs' home was protected from foreclosure under Chapter 13
Bankruptcy. ENTERPRISE BANK, N.A. president Matt Moyer sworn under oath
the bank held a Trustee Sale on September 7, 2011, at the Omaha-Douglas County
Civic Center, in which Real Estate property was factiously sold for $40,000 to
ENTERPRISE BANK, N.A. and in doing so not only made the sale void ab initio,
but illegal. While under federal investigation with multiple government agencies;
on **June 12, 2013**, ENTERPRISE BANK, N.A. illegally sold plaintiffs house for
One Dollar to INOTACH INVESTMENTS LLC, a Nebraska Limited Liability
Company. ENTERPRISE BANK, N.A. is guilty of bank fraud, equity stripping,
and double selling: Double selling involves a conspiring. For that reason, under

The Fraud Enforcement and Recover Act of 2009 (FERA) *Prosecuting Mortgage Fraud as Bank Fraud*. By amending the definition of "financial institution" to include mortgage lending business," FERA gives the Justice Department the capability to prosecute mortgage fraud cases as bank fraud and seek enhanced penalties under mail fraud statutes. As a result, convictions for mortgage fraud can now carry a 30-year maximum prison sentence or a maximum $1 million fine or both. Even more importantly, mortgage fraud cases will now have a **10-year statute of limitations**, which will give federal prosecutors much more time to develop such cases.

**CENTRIS FEDERAL CREDIT UNION** second mortgage lender failure to comply with contract began on July 26, 2010, when reporting to the credit bureau the real estate mortgage was charged off to profit and losses. As such being a premeditated act of contract breaching, criminal conspiracy and intentional discrimination made aware to the plaintiff in September 2011. When speaking with Patrick Fitzgerald, Collection Manager he stated to plaintiff, "Phyllis if you keep the house, we want the $15,000 but if ENTERPRISE BANK, N.A. gets the house we don't want the $15,000." Bradley Schwenke, Financial Sales Manager joined in conspiracy with Patrick Fitzgerald. CENTRIS FEDERAL CREDIT UNION knowingly and willingly acted with criminal intent to aid and abet ENTERPRISE BANK, N.A. in corruption and organized crime to deprive the plaintiff of her right to fair lending practices free from intentional racial discrimination, sexual harassment, predatory lending, bank fraud, bankruptcy fraud, accountings fraud, embezzlement, real estate fraud, tax fraud, grand theft and cheating etc. **Banks and Financial Institutions**: For most bank fraud crimes, like theft, embezzlement, RICO crimes, forging, counterfeiting or similar, the statute of limitations is ten years. However, some RICO or conspiracy crimes may have a longer statute of limitations because they involve more than one type of crime or a pattern of crime that occurs over many years. Fraud against various insurance companies or other financial institutions also carries a statute of limitations of ten years. When a bank fraud crime is combined with other crimes, this statute of limitations may be longer, depending upon the type of crime.

**FIRST NATIONAL BANK OF OMAHA** an independent agency of the United States government insured through FDIC relationship breached its written trust agreement on **September 5, 2013**, when conspiring in bank fraud with ENTERPRISE BANK, N.A. and CENTRIS FEDERAL CREDIT UNION. FIRST NATIONAL BANK OF OMAHA is guilty of fictitious loan, title slandering when

engaging in unlawful business practices through a scheme of double selling, and theft by equity stripping through a false buy then illegally contracting with IONTACH INVESTMENTS, LLC having no legal right to Assignment of Rents pursuant to consumers' claims and defenses. FEDERAL TRADE COMMISSION TRADE REGULATION RULE CONCERNING THE PRESERVATION OF CONSUMERS' CLAIMS AND DEFENSES. On May 27, 1976, the FDIC sent the following letter to the Chief Executive Officers of all insured nonmember banks subject: Federal Trade Commission Trade Regulation Rule on the Preservation of Consumers' Claims and Defenses: A copy of the ... Rule is included in the ... *Staff Guidelines on the Trade Regulation Rule Concerning Preservation of Consumers' Claims and Defenses.* This Rule, which is frequently referred to as "The Holder-in-Due-Course Rule," was promulgated by the Federal Trade Commission effective May 14, 1976. In essence, the Rule prohibits a seller from taking or receiving a consumer credit contract that does not contain a prescribed notice which preserves the consumer's claims and defenses in the event that the contract is negotiated or assigned to a third-party creditor. In addition, the Rule provides that the seller may not accept the proceeds of a purchase money loan unless the evidence of the loan contains the prescribed notice preserving as against the lender whatever claims and defenses the consumer may have against the seller. Omission of the required notice by the seller, or acceptance by the seller of the proceeds of the purchase money loan where the evidence of the loan does not contain the notice, constitutes an unfair or deceptive practice within the meaning of Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45). While the Rule admittedly is aimed at sellers, there are situations where the Rule will also affect banks. Under the Rule, banks which purchase consumer paper containing the notice required of sellers will no longer be able to avail themselves of the holder-in-due-course doctrine. Also, banks which make purchase money loans containing the notice will be subject to all claims and defenses which the consumer could assert against the seller. Banks should not accept any consumer paper which fails to contain the notice required of sellers, since they may be considered to be a participant in the seller's violation of the Rule. In addition, banks making purchase money loans should include the prescribed notice in their contracts. Regarding this latter point we recommend that banks use the text of the notice set forth in Section 433.2(a) of the Rule. The notice prescribed under Section 433.2(b) of the Rule, which would be eliminated under a pending amendment to the Rule (40 Fed. Reg. 53530 (1975)), is fully included in Section 433.2(a). Therefore, it may be advisable to use the notice prescribed under Section 433.2(a) in order to avoid additional printing costs. The ... Staff Guidelines, which were published by the Federal Trade Commission in the May 14, 1976, FEDERAL REGISTER, address certain questions regarding the interpretation and application of the Rule (41 Fed. Reg. 20022-27 (1976)).

However, we would point out that the analysis is informal and advisory in that it has not been formally reviewed or adopted by the Commission. Banks should consult with local counsel in determining whether the Rule applies in a particular transaction, especially since the Rule abolishes the holder-in-due-course doctrine which is one of State law. Also, banks may wish to contact the appropriate FDIC Regional Office with any questions regarding the Rule. Staff Guidelines on Trade Regulation Rule Concerning Preservation of Consumers' Claims and Defenses.

**IONTACH INVESTMENTS, LLC** is guilty of conspiring to defraud the United States both on **June 12, 2013,** and **September 5, 2013,** as a hoodwink investor in a bogus real estate venture generating profits thus guilty of securities fraud. When real estate interests are packaged with leases, operating or service agreements, especially if coupled with promises of cash flow, they may be securities. Issuers and investors should not assume that the offering of real estate is not a security when the sale is coupled with other agreements. IONTACH INVESTMENTS, LLC is guilty of bank fraud and unconstitutional contracting through illegal rental agreements when leasing out the plaintiffs' property to line Patrick Caulfield's pockets with revenue rightfully belonging to the plaintiff. The FBI works diligently to protect the American public, arrest lawbreakers, and recoup stolen funds. The IRS Criminal Investigation special agents and law enforcement partners, remain vigilant and will vigorously pursue those who attempt to enrich themselves through fraudulent means. The Security and Exchange Commission investigate and prosecute many Ponzi scheme cases.

**STINSON LLP (formerly known as STINSON MORRIS HECKER LLP)**
Stinson LLP formerly known as STINSON MORRIS HECKER LLP financially profited by spearheading the mortgage fraud-bank fraud RICO ACT operation for ENTERPRISE BANK, N.A. while playing for positions on the court. When first acting as a **Collection Agency** for ENTERPRISE BANK, N.A. then second acting as their **Bankruptcy Attorney in the Federal Court** - UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA, then third at same time acting as their **TENANT LANDLORD Attorney in the State Court** - District Court of Douglas County, Nebraska and fourth acting as their state **Appeal Attorney in the Court of Appeals for Nebraska.** Defendant Stinson LLP formerly known as STINSON MORRIS HECKER LLP is guilty of conspiracy liability under the False Claims Act (FCA). The Fraud Enforcement and Recovery Act of 2009 (FERA) clarifies the conspiracy liability under the FCA can arise whenever a person conspires to violate any provisions imposing FCA liability.

## CONCLUSION

On January 11, 2012, at the plaintiffs' residence located 3731 Maple Street,
Omaha, NE 68111, a female law enforcement officer either operating for the City
of Omaha Police Department or Douglas County Sheriffs Office got out of an
unmarked vehicle, dressed in all black, and threatened to shoot the plaintiff if she
walks up to her house.

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:           01/05/2023

Signature of Plaintiff

Printed Name of Plaintiff

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

File No. ENT-231-11

### *Ferraro Appraisal Service*
**12505 Burt Street**
**Omaha, Nebraska 68154**
**Phone: (402) 496-9407**
**FAX: (402) 491-0704**

Enterprise Bank
210 Regency Parkway
Omaha, NE 68114

Pursuant to your request, I have prepared an appraisal report of the property located at:

### **3731 Maple Street**
### **Omaha, NE**

The accompanying report is based on a site inspection of the improvements, investigation of the subject neighborhood area of influence, and a review of sales and cost data for similar properties.

This appraisal has been made with particular attention paid to applicable value-influencing economic conditions and has been processed in accordance with nationally recognized appraisal guidelines.

The value conclusions stated herein are as of the effective date and contingent upon the certification and limiting conditions attached.

In my opinion, the estimated market value of the subject property as of
**June 27, 2007,** is

### **Sixty Five Thousand Dollars ($65,000).**

Thank you for your business!

Respectfully,


Frank M. Ferraro

| | | |
|---|---|---|
| PHYLLIS M. KNIGHT<br>3731 MAPLE ST<br>OMAHA, NE 68111 | ENTERPRISE BANK, N.A.<br>12800 WEST CENTER ROAD<br>OMAHA, NE 68144 | Loan Number **10619**<br>Date **07-24-2007**<br>Maturity Date **02-01-2008**<br>Loan Amount $ **50,000.00**<br>Renewal Of<br>NEW MONEY: **$50,000.00** |
| **BORROWER'S NAME AND ADDRESS**<br>"I" includes each borrower above, jointly and severally. | **LENDER'S NAME AND ADDRESS**<br>"You" means the lender, its successors and assigns. | |

For value received, I promise to pay to you, or your order, at your address listed above the **PRINCIPAL** sum of **FIFTY THOUSAND AND NO/100**
_____ Dollars $ **50,000.00**

☒ **Single Advance:** I will receive all of this principal sum on _____ **07-24-2007** _____ . No additional advances are contemplated under this note.

☐ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On _____
_____ I will receive the amount of $_____ and future principal advances are contemplated.

    **Conditions:** The conditions for future advances are _____
_____
_____

    ☐ **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to
    all other conditions and expires on _____ .

    ☐ **Closed End Credit:** You and I agree that I may borrow up to the maximum only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from_____ **07-24-2007** _____ at the rate of_____ **8.500** %
per year until **02-01-2008** _____ .

☐ **Variable Rate:** This rate may then change as stated below.

    ☐ **Index Rate:** The future rate will be _____ the following index rate: _____
_____
_____

    ☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.
    ☐ **Frequency and Timing:** The rate on this note may change as often as _____ .
       A change in the interest rate will take effect _____
    ☐ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than _____% or less than
    _____ %. The rate may not change more than _____% each _____ .

    **Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:
    ☐ The amount of each scheduled payment will change.    ☐ The amount of the final payment will change.
    ☐ _____

**ACCRUAL METHOD:** Interest will be calculated on a _____ **ACTUAL/365** _____ basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:
☒ on the same fixed or variable rate basis in effect before maturity (as indicated above).
☐ at a rate equal to _____ .

☒ **LATE CHARGE:** If a payment is made more than _____ **15** _____ days after it is due, I agree to pay a late charge of **5.000% OF THE LATE AMOUNT
WITH A MIN OF $5.00**

☒ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☒ are ☒ are not included in the principal amount
above: _____

**PAYMENTS:** I agree to pay this note as follows:

5 MONTHLY PAYMENTS OF $621.45 BEGINNING 09-01-2007 AND 1 BALLOON PAYMENT OF $49,102.99 ON 02-01-2008.

**ADDITIONAL TERMS:**

BORROWER HEREBY AGREES TO PROVIDE LENDER AN ANNUAL FINANCIAL STATEMENT, COPY OF PERSONAL TAX RETURN, AND ANY OTHER FINANCIAL INFORMATION AS LENDER
MAY REQUEST.

☒ **SECURITY:** This note is separately secured by (describe separate | **PURPOSE:** The purpose of this loan is **PERSONAL- PURCHASE PROPERTY**

| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| 10619 | PHYLLIS M KNIGHT | 0000024718 | 12/29/08 | 31 |
| **NOTE AMOUNT** | **INDEX (w/Margin)** | **RATE** | **MATURITY DATE** | **LOAN PURPOSE** |
| $49,269.00 | Not Applicable | 6.500% | 01/01/14 | Consumer |
| | | **Creditor Use Only** | | |

## PROMISSORY NOTE
(Consumer - Closed End)
RENEWAL NOTE

**DATE AND PARTIES.** The date of this Promissory Note (Note) is December 29, 2008. The parties and their addresses are:

**LENDER:**
**ENTERPRISE BANK, N.A.**
12800 W Center Road
Omaha, Nebraska 68144
Telephone: 402-330-0200

**BORROWER:**
**PHYLLIS M KNIGHT**
3731 MAPLE ST
OMAHA, NE 68111-3124

1. **DEFINITIONS.** As used in this Note, the terms have the following meanings:

**A. Pronouns.** The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together. "You" and "Your" refer to the Lender.

**B. Note.** Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.

**C. Loan.** Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.

**D. Loan Documents.** Loan Documents refer to all the documents executed as a part of or in connection with the Loan.

**E. Property.** Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.

**F. Percent.** Rates and rate change limitations are expressed as annualized percentages.

2. **RENEWAL.** This Note is a renewal of the following described note:

| Note Date | Note Number | Note Amount |
|---|---|---|
| July 24, 2007 | # 10619 | $50,000.00 |

I have requested that the note listed in the table above be renewed. The remaining balance of the note listed in the table above is $49,269.00.

3. **PROMISE TO PAY.** For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, the principal sum of **$49,269.00 (Principal)** plus interest from December 29, 2008 on the unpaid Principal balance until this Note matures or this obligation is accelerated.

4. **INTEREST.** Interest will accrue on the unpaid Principal balance of this Note at the rate of **6.500 percent (Interest Rate).**

**A. Post-Maturity Interest.** After maturity or acceleration, interest will accrue on the unpaid Principal balance of this Note at the Interest Rate in effect from time to time, until paid in full.

**B. Maximum Interest Amount.** Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by state or federal law, whichever is greater. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

# TRUTH-IN-LENDING DISCLOSURE
(at closing)

**DATE AND PARTIES.** The date of this Truth-In-Lending Disclosure (Disclosure) is July 26, 2010. The parties and their addresses are:

**LENDER:**
> **ENTERPRISE BANK, N.A.**
> 12800 W Center Road
> Omaha, NE 68144
> Telephone: (402) 330-0200

**BORROWER:**
> **PHYLLIS M KNIGHT**
> 3731 MAPLE ST
> OMAHA, NE 68111-3124

**Definitions.** As used in this Disclosure, the terms have the following meanings. The pronouns "I", "me" and "my" refer to all Borrowers signing this Disclosure, individually and together with their heirs, successors and assigns. "You" and "your" refer to the Lender, with its participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan. Except for any Late Charge disclosure, numerical percentages are annualized.

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of my credit as a yearly rate. | The dollar amount the credit will cost me. | The amount of credit provided to me or on my behalf. | The amount I will have paid when I have made all scheduled payments. |
| **6.500%** | **$14,500.33** | **$45,981.52** | **$60,481.85** |

**Payment Schedule.** My payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 59 | $290.63 | Monthly beginning August 26, 2010 |
| 1 | $43,334.68 | July 26, 2015 |

**Demand.** This loan has a demand feature.

**Security.** I am giving a security interest in:

1 – 4 Family Dwelling

Collateral securing other loans with you may also secure this loan.

My deposit accounts and other rights I may have to the payment of money from you.

**Late Charge.** If a payment is more than 15 days late, I will be charged 5.000 percent of the Unpaid Portion of Payment or $5.00, whichever is greater.

**Prepayment.** If I pay off early, I will not have to pay a minimum finance charge.

**Assumption.** Someone buying the property securing the obligation cannot assume the remainder of the obligation on the original terms.

**Contract Documents.** I will see my contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**Property Insurance.** I may obtain property insurance from anyone I want that is reasonably acceptable to you.

I acknowledge receipt of a copy of this Disclosure on July 26, 2010.

**BORROWER:**

_____ Date_____
PHYLLIS M KNIGHT
Individually

## *INITIAL* ESCROW ACCOUNT DISCLOSURE STATEMENT

**DATE AND PARTIES.** The date of this Initial Escrow Account Disclosure Statement is 07/22/2010. The parties and their addresses are:

**BORROWER:**
**PHYLLIS M KNIGHT**
3731 MAPLE ST
OMAHA, NE 68111-3124

**LENDER/SERVICER:**
**ENTERPRISE BANK, N.A.**
12800 W Center Road
Omaha, NE 68144
Telephone: (402) 330-0200

Date Escrow Account Established: July 22, 2010

THIS IS AN ESTIMATE OF ACTIVITY IN YOUR ESCROW ACCOUNT DURING THIS COMING YEAR BASED ON PAYMENTS ANTICIPATED TO BE MADE FROM YOUR ACCOUNT.

| Period Monthly | Payments to Escrow Account | Payments from Escrow Account | Description | Escrow Account Balance |
|---|---|---|---|---|
| Initial Deposit: | | | | 0.00 |
| 08/2010 | 128.89 | 0.00 | | 128.89 |
| 09/2010 | 128.89 | 0.00 | | 257.78 |
| 10/2010 | 128.89 | 0.00 | | 386.67 |
| 11/2010 | 128.89 | 0.00 | | 515.56 |
| 12/2010 | 128.89 | 0.00 | | 644.45 |
| 01/2011 | 128.89 | 0.00 | | 773.34 |
| 02/2011 | 128.89 | 0.00 | | 902.23 |
| 03/2011 | 128.89 | 387.84 | Property Taxes | 643.28 |
| 04/2011 | 128.89 | 0.00 | | 772.17 |
| 05/2011 | 128.89 | 0.00 | | 901.06 |
| 06/2011 | 128.89 | 771.00 | Homeowner's Insurance Reserves | 258.95 |
| 07/2011 | 128.89 | 387.84 | Property Taxes | 0.00 |

(PLEASE KEEP THIS STATEMENT FOR COMPARISON WITH THE ACTUAL ACTIVITY IN YOUR ACCOUNT AT THE END OF THE ESCROW ACCOUNT COMPUTATION YEAR.)

Cushion selected by servicer: $0.00

Your monthly mortgage payment for the coming year will be $419.52, of which $290.63 will be for principal and interest, $128.89 will go into your escrow account, and $0.00 will be for discretionary items (such as life insurance, disability insurance) that you chose to be included with your payment.

SIGNATURES. You acknowledge receipt of a copy of this Initial Escrow Account Disclosure Statement on 07/22/2010.

**BORROWER:**

_____ Date_____
PHYLLIS M KNIGHT
Individually



**STINSON**
**MORRISON**
**HECKER** LLP

Scott A. Meyerson
www.stinson.com

1299 Farnam Street
Omaha, NE 68102

June 30, 2010

*Tel* (402) 342-1700
*Fax* (402) 829-8764

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**AND REGULAR U.S. MAIL**

Phyllis M. Knight
3731 Maple Street
Omaha, NE 68111

Re:    Loan No. 10619

Dear Ms. Knight:

The above debt has been referred to our law office for collection. We hereby demand payment of this debt as follows:

| | |
|---|---|
| Creditor: | Enterprise Bank, N.A.<br>12800 W. Center Road<br>Omaha, Nebraska 68144 |
| Principal: | $45,981.52 |
| Interest, Late Fees and Costs: | $870.64 (as of June 30, 2010 and continuing to accrue at a per diem of $8.1884) |
| **Total Amount Claimed:** | **$46,852.16 (as of June 30, 2010 and continuing to accrue at a per diem of $8.1884)** |

Because interest continues to accrue at the rate of 6.50% per annum (a per diem of $8.1884) after today, please contact this office for the exact payoff amount,

| NOTICE |
|---|
| This communication is sent to you by a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless, within thirty (30) days after receipt of this notice, you dispute the validity of the debt, or any portion thereof, we will assume that the debt is valid. If you do notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment against you, if there is a judgment, and a copy of such verification will be mailed to you by us. Upon your written request within the thirty (30) day period, we will provide you with the name ... ....ditor if different from the current creditor. |

KANSAS CITY
OVERLAND PARK
WICHITA
WASHINGTON, D.C.
PHOENIX
ST. LOUIS
OMAHA

Phyllis M. Knight
June 30, 2010
Page 2

or you may send your check for the Total Amount Claimed. We will notify you if any additional amount(s) are due.

Please note that defaults on the debt include, without limitation, failure to make payments when due and failure to pay taxes when due.

Please direct all telephone calls, payments and inquiries to our office, not to the creditor. Please mail your full payment to us or call the above number.

For your information, please find the following documents enclosed herewith:

A.    Promissory Note
B.    Deed of Trust
C.    File and date stamped copy of Notice of Default
D.    Escrow Waiver

Thank you in advance for your cooperation.

*This letter is sent to you by a debt collector in connection with an attempt to collect a debt, any information obtained will be used for that purpose.*

Very truly yours,

**STINSON MORRISON HECKER LLP**

Scott A. Meyerson

SAM/mmi

Encls.

cc:    Daryl Ragan (w/ encls.)

0690106

## IN THE DISTRICT COURT, DOUGLAS COUNTY, NEBRASKA

Enterprise Bank, N.A.
Plaintiff
vs.
Phyllis M. Knight
Defendant

**WRIT OF RESTITUTION**
(Residential Landlord and Tenant Act or    CASE NO: CI 11-7363
Forcible Entry and Detainer)

STATE OF NEBRASKA)
            )SS
COUNTY OF DOUGLAS)

**TO THE SHERIFF OF DOUGLAS COUNTY, NEBRASKA:**

    WHEREAS, in a certain action for possession under the
Landlord and Tenant or the forcible entry and detention of the
following-described premises, to-wit:

**3731 MAPLE STREET, OMAHA, NE**    628

lately tried in the District Court of Douglas County, Nebraska,
judgment was rendered on the 7th day of November, 2011, that the
Plaintiff is entitled to have restitution of said premises; and
also that Plaintiff recover costs in the sum of $2104.00. You
are, therefore, hereby commanded to cause the Defendant to be
forthwith removed from said premises and that Plaintiff have
possession of same within ten days from the date of issue set out
below; also that you levy on the goods and chattels of Defendant
and make the costs aforesaid and all accruing costs and of this
Writ make legal service and due return.

           **WITNESS** my signature and Seal of said Court at Omaha
           and issued this 2nd day of December, 2011.

                JOHN M. FRIEND, CLERK

                BY: _____, Deputy

**ATTORNEY FOR PLAINTIFF:**
**NAME:**        Kristi J. Boswell
**ADDRESS:**    1299 Farnam Street Suite 1501
              Omaha, NE 68102
**PHONE:**      (402) 342-1700

I hereby certify that this is a **true**
copy of the original writ with **all**
the endorsements thereon,
    **TIMOTHY F. DUNNING**
        **Sheriff**

**STINSON
MORRISON
HECKER**
—— LLP ——

0686763

Kristi J. Boswell

402.930.1727 DIRECT
402.829.8707 DIRECT FAX
kboswell@stinson.com

2011 OCT 13 3:49

SHERIFF'S OFFICE
DOUGLAS CO. NEBR.

October 13, 2011

VIA HAND DELIVERY BY SHERRIFF

Phyllis M. Knight
3731 Maple Street
Omaha, NE 68111

Re:    **THREE DAY NOTICE**
3731 Maple Street, Omaha Nebraska 68111

| EXHIBIT |
| --- |
| **tabbies** B |

Dear Ms. Knight:

Pursuant to Nebraska Revised Statute § 25-21,221, you are hereby notified that the property located at 3731 Maple Street, Omaha, Douglas County, Nebraska (the "Premises") was sold at public auction on September 7, 2011.  As such, you are no longer in lawful possession of the Premises and **you are hereby notified to leave the Premises within three (3) days of receipt of this Notice**.  If you have not vacated the Premises on or before that date, legal proceedings will be instituted to remove you from the Premises pursuant to Neb. Rev. Stat. § 25-21,219, et seq.

Sincerely,

**STINSON MORRISON HECKER LLP**

Kristi J. Boswell

KJB

```
STATE OF NEBRASKA)                    DOC:
               )   SS.                INDEX: 686763
COUNTY OF DOUGLAS)                    ATTY: A
```

RECEIVED THIS NOTICE TO QUIT ON OCTOBER 13, 2011 AND SERVED THE SAME ON OCTOBER 14, 2011, ON THE WITHIN NAMED PHYLLIS M. KNIGHT, BY TAPING TO THE FRONT DOOR AT 3731 MAPLE STREET IN DOUGLAS COUNTY, NEBRASKA, A TRUE AND DULY CERTIFIED COPY OF THIS NOTICE TO QUIT WITH ALL ENDORSEMENTS THEREON.

CIVIL PROCESS SERVER TIMOTHY GALLAGHER
AUTHORIZED AND APPOINTED BY TIMOTHY F. DUNNING, SHERIFF

```
FEES       $    18.00

TOTAL      $    18.00
```



Kristi J. Boswell
402.930.1727 DIRECT
402.829.8707 DIRECT FAX
KBoswell@stinson.com

## STINSON
## MORRISON
## HECKER
—— LLP ——

November 3, 2011

Phyllis Knight
3731 Maple Street
Omaha, NE  68111

      Re:    In the District Court of Douglas County, Nebraska
            Enterprise Bank, NA v. Phyllis M. Knight
            Case No. CI 11-7363

Dear Phyllis:

      Please find enclosed the Affidavit we will offer at the hearing on Monday, November 7, 2011.

               Sincerely,

               **STINSON MORRISON HECKER LLP**

               Kristi J. Boswell

KJB:cl

Enclosure

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

ENTERPRISE BANK, NA          )           CASE NO. CI 11 - 7363
                           )
      Plaintiff,           )
                           )           AFFIDAVIT IN SUPPORT
vs.                      )      OF RESTITUTION OF PREMISES
                           )
PHYLLIS M. KNIGHT        )
                           )
      Defendant.         )

### AFFIDAVIT OF KRISTI BOSWELL

Affiant, Kristi J. Boswell, having been first duly sworn and under oath, states and attests as follows:

    1.    I am over the age of twenty-one and have personal knowledge of facts set forth herein.

    2.    I am the attorney of record for Enterprise Bank, N.A. (the "Bank"), the Plaintiff in the above-captioned matter.

    3.    On September 7, 2011, a Trustee's Sale was held at the Omaha-Douglas Civic Center for the property known as 3731 Maple Street, Omaha, Nebraska ("Real Estate").

    4.    The Real Estate was sold at the Trustee's Sale for $40,000.

    5.    The Bank was the successful bidder at the Trustee's Sale.

    6.    A Trustee's Deed Upon Sale was filed with the Douglas County Register of Deeds on October 13, 2011, recorded at Instrument No. 2011086906. A true and correct copy is attached as Exhibit A.

    7.    On or about October 14, 2011, Defendant was served written notice to leave the Real Property (the "3-Day Notice"), by Sherriff leaving a written copy at Defendant's usual

place of abode. A true and correct copy of the 3-Day Notice and proof of service is attached as Exhibit B.

8.    Pursuant to the 3-Day Notice Defendant was put on notice that she had three (3) days to leave the Real Property and surrender possession thereof pursuant to Nebraska Revised statute § 25-21,221.

9.    The Bank filed its Complaint for Restitution of Premises on October 21, 2011, more than three (3) days lapsed between serving of said 3-Day Notice upon the Defendant and the filing of the Complaint.

10.    The Defendant received personal service of the Complaint by the Douglas County Sherriff on October 26, 2011. A true and correct copy of Proof of Service is attached as Exhibit C.

11.    As of the date of this Affidavit, the Defendant continues to willfully detain the above-described Real Property unlawfully and forcibly.

12.    If called to testify in this matter, I can, and I will, testify to the facts stated herein, which I declare are true and correct as stated in my Affidavit.

FURTHER AFFIANT SAYETH NOT.

_____
KRISTI J. BOSWELL

SUBSCRIBED AND SWORN to before me this 2 day of November, 2011.

_____
Notary Public

My commission expires:

10|15|2013

PAMELA S. PILAKOWSKI
General Notary
State of Nebraska
My Commission Expires Oct. 15, 2013

2

# DOUGLAS COUNTY SHERIFF'S OFFICE

**Court Services Bureau**
**Civil Proceeds Division**
**1616 Leavenworth Street**
**Omaha, NE  68102**
**Office 402-599-2601**
**Fax 402-599-2606**

# NOTICE TO VACATE

**PURSUANT TO AN:**   [ ] WRIT OF ASSISTANCE
[✗] WRIT OF RESTITUTION
[ ] ORDER OF _____
[ ] OTHER: _____

**ISSUED OUT OF:**   [✗] DISTRICT COURT
[ ] COUNTY COURT
[ ] SMALL CLAIMS COURT
[ ] OTHER: _____

**DOCKET/PAGE or CI:** _____ *11 - 7363* _____

**I, DOUGLAS COUNTY SHERIFF'S DEPUTY,** _*Brian Panzek*_ S *341* .

**PURSUANT TO ABOVE TITLED WRIT, DO HEREBY GIVE NOTICE FOR YOU TO VACATE THE**

[✗] **REAL ESTATE AT:** ____ *3731  Maple Street -* _____

[✗] **RESIDENCE AT:** _____

**BY THIS DAY, DATE, AND TIME:** _*FRIDAY*_ , _*December 9*_ , 20_*11*_, AT _*two*_ AM/PM

**SEE:** [✗] COPY OF WRIT       [ ] OTHER: _____

[✗] YOU ARE ORDERED TO REMOVE ALL OF YOUR PERSONAL PROPERTY ON OR BEFORE THE ABOVE DATE AND TIME.  YOU ARE FURTHER ORDERED NOT TO REMOVE OR DAMAGE ANY PROPERTY BELONGING TO THE LANDLORD OR OWNER.

[✗] IF FOR ANY REASON YOU HAVE NOT VACATED AND/OR REMOVED YOUR PERSONAL PROPERTY BY THE ABOVE NOTED DATE AND TIME, I WILL BE REQUIRED TO EVICT ANY PERSONS REMAINING, SECURE THE DWELLING BY CHANGING THE LOCKS, AND POST THE PROPERTY "NO TRESPASSING BY ORDER OF THE SHERIFF."

[✗] AFTER SECURING AND POSTING THE DWELLING, ANY PERSONAL PROPERTY REMAINING CAN ONLY BE RETRIEVED BY MAKING ARRANGEMENTS WITH THE PLAINTIFF AND THE ATTORNEY NAMED ON THE WRIT. ENTERING THE PROPERTY WITHOUT PERMISSION OF THE ATTORNEY AND THE PLAINTIFF COULD CONSTITUTE A CRIME.

DATE: _____ TIME: __*5:5*__ BY: _____ 534 INDEX: _____
Douglas County Sheriff's Deputy

*402 - 510 - 4979*

Exhibit C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-80227-TLS |
| | ) | |
| PHYLLIS KNIGHT | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW Enterprise Bank, N.A. (the "Bank"), and for its Motion for Relief From the Automatic Stay (the "Motion"), states as follows:

### FACTUAL BACKGROUND

1. On February 2, 2011, (the "Filing Date"), the above-captioned Debtor (the "Debtor") commenced this bankruptcy case by filing a voluntary petition under Chapter 13 of the United States Bankruptcy Code (the "Code").

2. Prior to the Filing Date, on July 24, 2007, the Debtor individually executed a Promissory Note (the "Note") in favor of Bank in the principal amount of $50,000.

3. To secure repayment of the Note, the Debtor executed a Deed of Trust (the Note and Deed of Trust collectively referred to as "Loan Agreements") granting the Bank a first and prior lien on certain real estate known as 3731 Maple Street, Omaha, Nebraska, and more particularly described in the Deed of Trust (the "Real Estate").

4. The Deed of Trust was recorded with the Douglas County Register of Deeds on August 15, 2007, as Instrument No. 2007093537.

5. Debtor became delinquent on the Note in February 2010.

1

6. After making demand for payment on May 13, 2010, the Bank filed a Notice of Default on June 22, 2010 with the Douglas County Register of Deeds, recorded at Instrument No. 2010054789.

7. The Bank sent a letter to the Debtor to attempt to collect the debt on June 30, 2010.

8. As a courtesy to the Debtor, the Bank extended the loan, and the Bank filed a Cancellation of Notice of Default Douglas County Register of Deeds on July 23, 2010, recorded at Instrument No. 2010065048.

9. Debtor again defaulted on the Note and the Bank filed a second Notice of Default with the Douglas County Register of Deeds on November 11, 2010, recorded at Instrument No. 2010106957.

10. Pursuant to Nebraska law, the Bank published its Notice of Trustee's Sale from December 23 through January 20, 2011.

11. On February 2, 2011, a day before the noticed Trustee's sale, the Debtor filed a Voluntary Petition and Plan under Chapter 13 of the Code.

12. The Trustee Kathleen Laughlin objected to the Plan on March 21, 2011 because the Plan did not appear feasible and appeared to be underfunded.

13. On April 21, 2011, this Court sustained the Trustee's objection to the Plan and denied confirmation of the Chapter 13 Plan filed by the Debtor.

14. Debtor has failed to pay monthly post-petition payments to the Bank, each in the amount of $419.52, as the payments ordinarily come due on the 26th day of February, March, and April 2011. The amounts due and owing total $1,258.56 as of the date of this Motion.

2

15. As of the Petition Date, the Debtor was indebted to the Bank in the amount of $51,202.72, consisting of all principal owing to the Bank as of the Filing Date, plus all accruing interest, costs, and attorneys fees to which the Bank is entitled pursuant to 11 U.S.C. § 506(b) (collectively, the "Indebtedness").

### COUNT I:  11 U.S.C. § 362(d)(1)

16. The Bank incorporates the allegations set forth in Paragraphs 1 through 15 above as though fully set forth herein.

17. Debtor has failed to continue to make payments on the Indebtedness pursuant to the terms of the Loan Agreements with the Bank.

18. This failure to make payments constitutes a breach of the terms of the Loan Agreements.

19. Pursuant to 11 U.S.C. § 362(d)(1), cause exists to modify the stay to permit the Bank to protect its interests in the Real Estate because the Debtor has not made the required post-petition payments to the Bank.

WHEREFORE, pursuant to 11 U.S.C. § 362(d)(1), the Bank respectfully requests that the Court enter an Order:  (a) modifying the automatic stay to permit the Bank to enforce its rights against the Real Estate pursuant to the Note and Deed of Trust and to take action allowed under state law to foreclose on the Real Estate and (b) granting such other relief as is equitable and just.

### COUNT II:  11 U.S.C. § 362(d)(2)

20. The Bank incorporates the allegations set forth in Paragraphs 1 through 19 above as though fully set forth herein.

3

21. The Debtor has listed the value of the Real Estate as $46,000 on Schedule A of the Petition. The Bank valued the Real Estate at $60,000 on its Proof of Claim.

22. Using either value, the Debtor has little or no equity in the Real Estate. Debtor owes the Bank $51,202.72, plus accruing interest and attorneys fees.

23. Using the Debtor's value of $46,000 there is no equity in the property.

24. Using the Bank's value, the cushion is diminished by accruing interest and fees and therefore, the Debtor still has little or no equity in the property.

25. The Trustee objected to the confirmation of the plan because it was underfunded and not feasible. The Debtor did not file a response in opposition to the objection.

26. The Court denied the Debtor's plan for reorganization on April 21, 2011.

27. Therefore, the Debtor does not have a reasonable possibility of reorganizing within a reasonable period of time and the Real Estate is not necessary to an effective reorganization.

28. Based on the above, the Bank should be granted relief from the automatic stay in order to act to protect its interests.

29. All evidence in support of this Motion is identified on Attachment A attached hereto.

WHEREFORE, pursuant to 11 U.S.C. § 362(d)(2), the Bank respectfully requests that the Court enter an Order: (a) modifying the automatic stay to permit the Bank to enforce its rights against the Real Estate pursuant to the Note and Deed of Trust and to take action allowed under state law to foreclose on the Real Estate and (b) granting such other relief as is equitable and just.

4

Dr. Phyllis M. Knight Bey D.M.
[PHYLLIS M. KNIGHT]
4964 E Lincoln Street – Box 13
Wichita, KS 67218

**CERTIFIED MAIL**

7021 1970 0000 5266 0695

First Class U.S. Mail
39 USC 1726
("without the United States")

REC̶̶̶̶E̶̶I̶V̶E̶D̶

JAN – 9 2023

CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
111 S. 18TH PLAZA, SUITE 1152
OMAHA, NEBRASKA 68102-1322



# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PHYLLIS MARIE KNIGHT

**DEFENDANTS**
ENTERPRISE BANK et al,

**(b)** County of Residence of First Listed Plaintiff  SEDGWICK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  DOUGLAS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se: Phyllis Marie Knight aka Dr. Phyllis M. Knight
Verge Bey 4964 E Lincoln St - Box13 (402) 714-1192

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **INTELLECTUAL PROPERTY RIGHTS** | [x] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 861 HIA (1395ff) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 865 RSI (405(g)) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | **IMMIGRATION** | |
| | | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | |
| | | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |
| | | | **LABOR** | |
| | | | [ ] 710 Fair Labor Standards Act | |
| | | | [ ] 720 Labor/Management Relations | |
| | | | [ ] 740 Railway Labor Act | |
| | | | [ ] 751 Family and Medical Leave Act | |
| | | | [ ] 790 Other Labor Litigation | |
| | | | [ ] 791 Employee Retirement Income Security Act | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. §1344, 18 U.S.C. § 656, 18 U.S.C. § 657, 18 U.S. Code §1341, 18 USC 1962, 18 USC 1005, 18 USC 1006, 18 USC 241,242
Brief description of cause:
Defendants are being sued pursuant to a breach of contract mortgage fraud case as bank fraud under the Fraud Enforcement and Recovery Act

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  Duane C. Dougherty
DOCKET NUMBER  CI 11-7363

DATE
1/5/2023

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY